IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.E. PETSCHE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-919-WKW |
| | ) | [WO] |
| JKM MANUFACTURING, INC., | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's motion for partial summary judgment against Defendant JKM Manufacturing, Inc., is before the court. (Doc. # 32.) Defendant, an unrepresented corporation, has not responded. For reasons that follow, the motion is due to be GRANTED.

## I. JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

## II. STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the

inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists. *Id.* at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The court, however, "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

2

## III.  BACKGROUND

### A.    Factual Background

A.E. Petsche makes widgets.[1]  JKM uses widgets to make other things.  For years, A.E. Petsche and JKM had an arrangement – A.E. Petsche gave JKM widgets; JKM gave A.E. Petsche money in exchange.

One day, JKM stopped paying A.E. Petsche for its widgets; but it kept taking delivery of them.  There was nothing wrong with the widgets; JKM just did not pay.  A.E. Petsche filed this lawsuit to recover money it is owed for the widgets JKM took but never paid for.  JKM filed an answer on November 21, 2012.  (Doc. # 15.)

### B.    Procedural History

On February 7, 2013, counsel for JKM withdrew from this case, leaving JKM unrepresented.  (Doc. # 31.)  The court ordered JKM to find new counsel by March 11, 2013.  (Doc. # 31, at 1.)  That deadline has come and gone, and JKM remains unrepresented.

On February 25, 2013, A.E. Petsche moved for summary judgment against JKM (but not against the individual defendants, one of whom is represented by counsel).

---

[1]  Specifically, A.E. Petsche makes "high-performance interconnect products (including wire, cable, connectors, and harness products)," (Doc. # 33, at 1–2) – in short, "widgets."

3

The deadline for JKM's opposition brief was March 18, 2013, but JKM did not respond.

The court is, of course, aware that JKM's failure to oppose summary judgment is an instance of necessity rather than neglect – without counsel, JKM *cannot* file a response. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). The court is reluctant to grant summary judgment without hearing both sides of the argument, especially when JKM's silence is an unavoidable consequence of its unrepresented status.

But JKM's trouble keeping a lawyer is not A.E. Petsche's fault, and it is understandable that A.E. Petsche is eager to resolve this case. It is the inaction of JKM, not A.E. Petsche, that impedes the speedy resolution of this lawsuit, and there is nothing to gain from further delay.[2] Under the circumstances, the court must move forward and consider A.E. Petsche's motion for summary judgment on its merits.

---

[2] Even if the court extended the deadline to oppose summary judgment, JKM could not respond without counsel.

4

## IV. DISCUSSION

Although A.E. Petsche's complaint alleges nine causes of action against JKM, its motion for summary judgment only argues one – JKM is liable for breach of contract.[3]  In support of that claim, A.E. Petsche provides evidence that (1) JKM had a contractual obligation to pay A.E. Petsche for any widgets delivered, (2) JKM took delivery of $707,990.92 worth of widgets, and (3) JKM never paid.  That evidence is sufficient to establish JKM's liability for breach of contract in the amount of $707,990.92 plus $173,318.96 interest (which was provided for in the contracts).

Further, A.E. Petsche has presented evidence that JKM agreed to pay for "all costs and expenses incurred by [A.E. Petsche] in collecting any sums owing by [JKM] (which may include, but are not limited to, collection agency and reasonable attorneys' fees.)"  (Doc. # 33, at 12.)  Thus, JKM is liable for the $27,168 in attorneys' fees A.E. Petsche spent litigating this case, which the court finds are reasonable and were necessarily incurred.

## V.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's motion for summary judgment (Doc. # 32) is GRANTED.  But the court will withhold final judgment until it

---

[3]  Because A.E. Petsche did not move for summary judgment on any of the other claims, this opinion will only address the contract claim.  A.E. Petsche amply supports the contract claim with evidence, including the claim for attorneys' fees.

adjudicates "all of the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

It is further ORDERED that Plaintiff's motion for order (Doc. # 34) is DENIED as moot.

DONE this 29th day of April, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE