IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.E. PETSCHE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-919-WKW |
| | ) | |
| JKM MANUFACTURING, INC., | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

A.E. Petsche's motion for partial summary judgment against Mr. White is before the court.  (Doc. # 37.)  Despite the issuance of a show cause order (Doc. # 40), Mr. White has not responded.  The motion is due to be granted.

## I. JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested.

## II. STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the evidence and the

inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists. *Id.* at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The court, however, "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III.  BACKGROUND

Defendant JKM Manufacturing, Inc., breached a contract and now it owes Plaintiff A.E. Petsche Co., Inc., a lot of money – that much is settled.  (*See* Doc. # 35 (granting A.E. Petsche's motion for partial summary judgment against JKM).)  Now A.E. Petsche argues that Defendant Chad B. White is personally liable for most of that debt.

### IV. DISCUSSION

The complaint alleges two causes of action against Mr. White, but A.E. Petsche only moves for summary judgment on the one that accuses Mr. White of breaching a personal guaranty.  And that motion is due to be granted under the governing state law.  (Doc. # 37-1 at 5–9 (setting out relevant Alabama and Georgia law).)

The unchallenged evidence shows that Mr. White signed a personal guaranty promising to pay any debt JKM owes to A.E. Petsche over $50,000 and that Mr. White never revoked that promise.  That means Mr. White is liable for $708,477.88[1] of the debt JKM owes to A.E. Petsche.

---

[1]  That is the $908,477.88 the court found A.E. Petsche was owed (Doc. # 35 at 5) minus $50,000 of that debt Mr. White never agreed to pay and $150,000 A.E. Petsche collected from someone else (Doc. # 37 at 2 n.1).

## V.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's motion for partial summary judgment (Doc. # 37) is GRANTED.  The court will withhold final judgment until it adjudicates "all of the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

It is further ORDERED that Plaintiff's motion for order (Doc. # 39) is DENIED as moot.

DONE this 5th day of August, 2013.

_____
          /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE